**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**HAZEL LAVERNE PORTER**                                        **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:10CV064**

**LAFAYETTE COUNTY SCHOOL DISTRICT**                      **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Hazel Porter, filed the instant action on July 15, 2010, alleging racial discrimination in violation of Title VII, 42 U.S.C. Section 2000e *et seq.* Currently before the Court is a Motion for Summary Judgment [58], filed by Defendant Lafayette County School District. Because Plaintiff has failed to demonstrate that Defendant's legitimate, nondiscriminatory reason is pretext for racial discrimination, yet has sufficiently created a factual dispute as to whether Plaintiff's race was a motivating factor in the employment decision, Defendant's motion is granted in part and denied in part.

## BACKGROUND FACTS

Plaintiff, an African-American female, was employed by Defendant for approximately twenty-six (26) years as a special education teacher. In the spring of 2009, Plaintiff was informed that her employment contract for the following year would be non-renewed. Plaintiff maintains that, prior to her contract being non-renewed, she was repeatedly asked when she would retire, despite having never expressed an interest in retiring. According to Plaintiff, Caucasian teachers were not encouraged or questioned about retiring. Plaintiff further proffers that she was one of only three African-American special education teachers out of twenty-five such teachers in the Defendant School District during the 2008-2009 school year.

In early 2009, an alternate assessment training session was conducted; Plaintiff was not selected to attend. Plaintiff contends that, instead, only Caucasian teachers were allowed to attend the training session. Following this training, it is alleged by Defendant that Miriam Wahl, an art teacher for Defendant, informed Linda Jones, Defendant's special education director, that Plaintiff had informed her that documents on the Mississippi Alternate Assessment Extended Curriculum Frameworks (the topic of the aforementioned training session) had been falsified. Apparently, Plaintiff stated that Janice McGregor, the teacher with whom Plaintiff shared a classroom, had been falsifying the alternate assessment documents and that Plaintiff had gathered work for McGregor. After an investigation into these allegations, Defendant opted to non-renew Plaintiff's contract. McGregor's contract was not non-renewed—instead, she was given the option of resigning. Plaintiff was not offered such an option. After her contract was non-renewed, Plaintiff filed suit against Defendant, alleging race discrimination in violation of federal law.

## SUMMARY-JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## **ANALYSIS OF PLAINTIFF'S TITLE VII CLAIM**

Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff seeks to prove her case circumstantially; thus, the Court turns to the standards set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the McDonnell Douglas standard, Plaintiff must first establish a prima facie case of discrimination by establishing that she was (1) a member of a protected group; (2) qualified for the position she held; (3) that she suffered an adverse employment decision; and (4) either replaced by someone outside the protected group or treated less favorably than employees

not in the protected group. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001). Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case. See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005).

Once a plaintiff has made her prima facie case, the defendant then has the burden of producing a legitimate, nondiscriminatory motive for the adverse employment action. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 F. App'x 321, 327 (5th Cir. 2009). The defendant's burden at this stage is merely one of production-not persuasion. Id.

If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's prima facie case disappears, and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The plaintiff must present substantial evidence that the employer's proffered reason is a pretext for discrimination. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). To show pretext on summary judgment, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

Pretext may be established "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Laxton, 333 F.3d at 578 (quoting Reeves, 530 U.S. at 143, 120 S. Ct. 2097). "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005). To establish disparate treatment, however, a plaintiff must show that the employer gave

preferential treatment to another employee under "nearly identical" circumstances." Id. Alternatively, "[a]n explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." Laxton, 333 F.3d at 578.

In contrast, the Fifth Circuit has modified the McDonnell Douglas formulation to permit proof that discrimination was one motivating factor among others for an adverse employment action. See generally Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004). At one time, the Fifth Circuit required that a plaintiff present direct evidence of discrimination in order to receive the benefit of a mixed-motives analysis. See Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001). However, the Supreme Court in Desert Palace, Inc. v. Costa held that Congress's failure to require a heightened burden of proof suggested that courts should not depart from the general rule of civil litigation that "requires a plaintiff to prove his case 'by a preponderance of the evidence,' using 'direct or circumstantial evidence.'" 539 U.S. 90, 99, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003) (quoting Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983)). Therefore, a plaintiff asserting a Title VII discrimination claim may utilize the mixed-motives analysis whether she has presented direct or circumstantial evidence of discrimination. Id. at 101, 123 S. Ct. 2148; Smith v. Xerox Corp., 602 F.3d 320, 327-28 (5th Cir. 2010).

*Prima Facie Case*

Plaintiff has satisfied her burden of demonstrating a prima facie case of racial discrimination. For purposes of summary judgment, Defendant also concedes this point. Plaintiff is an African American, she was minimally qualified and held the requisite educator's license, her employment contract was non-renewed, and she was subsequently replaced by a Caucasian teacher.

*Legitimate, Nondiscriminatory Reason*

Once a plaintiff has made a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Here, Defendant submits that Plaintiff's contract was non-renewed because Plaintiff: (a) knowingly gathered student work samples over a two year period for the purposes of falsifying documents on the Mississippi Alternate Assessment Extended Curriculum Frameworks ("MAAECF"), and (b) did not fulfill her duties and responsibilities regarding completion of the MAAECF on her five students. This articulated reason satisfies Defendant's burden of production.

*Pretext / Mixed Motives*

As noted *supra*, the Fifth Circuit in Rachid v. Jack in the Box, Incorporated set forth a new framework for pretext/mixed-motives cases at the summary judgment stage. That is, the court announced a "modified McDonnell Douglas approach" for the summary judgment framework in mixed-motives cases. 376 F.3d at 312.[1] Like McDonnell Douglas, the Fifth Circuit's mixed-motives analysis has three steps. The first two steps in this mixed-motives approach, prima facie case and legitimate, nondiscriminatory reason, are identical to the traditional McDonnell Douglas pretext analysis. However, in the final step, the Rachid court held that "the plaintiff must . . . offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead pretext for discrimination (pretext alternative) or (2) that the defendant's reason, while true, is only one of the reasons for its

---

[1] The "modified McDonnell Douglas" framework appears to be unique to the Fifth Circuit. That is, since Desert Palace, the circuit courts have developed widely differing approaches to the question of how to analyze summary judgment challenges in Title VII mixed-motives cases. See White v. Baxter Healthcare Corp, 533 F.3d 381, 398-99 (6th Cir. 2008) (critically evaluating how various circuits apply the mixed-motives framework).

conduct, and another 'motivating factor' is the plaintiff's protected characteristic." Id. (citations omitted).

In this case, Plaintiff has failed to present evidence of pretext. In Plaintiff's memorandum brief in opposition to summary judgment, she states as follows:

> To be sure, Defendant School District **has articulated legitimate, non-discriminatory reasons for non-renewing Plaintiff** . . . However, [Plaintiff's] evidence raises material issues of fact about whether a discriminatory intent could have also **motived the decision** . . . It is [ ] conceivable that a fact-finder could find that Defendant School District had reservations about Hazel's performance, but that Hazel's race was also **a contributing factor**.

Given this language, and the lack of briefing on pretext, it appears Plaintiff is actually intending to proceed only under a mixed-motives analysis. Yet, even if not so, Plaintiff has not presented evidence demonstrating—nor has Plaintiff even articulated—that Defendant's reasoning behind its employment decision was such a "pretext." For this reason, Defendant's motion for summary judgment is granted on this ground.

Plaintiff's claim that her race was a "motivating factor" in the employment decision, however, falls on different footing. Disparate treatment of similarly situated employees is one way to demonstrate unlawful discrimination. Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005) (citing Smith v. Wal–Mart Stores, 891 F.2d 1177, 1180 (5th Cir. 1990)). However, when attempting to prove discrimination by this method, under either the pretext or the mixed-motives alternative, the plaintiff must again compare her treatment to that of a nearly identical, similarly-situated employee. Id. (citations omitted); Taylor v. Peerless Indus. Inc., 322 F. App'x 355, 365–66 (5th Cir. 2009). In Taylor, a recent unpublished opinion, the Fifth Circuit held that the "nearly identical circumstances" test was appropriate when analyzing whether disparate treatment of similarly-situated employees could establish discriminatory motive under the mixed-motives framework. Taylor, 322 F. App'x at 365–66. Therefore, it appears that the

test for determining whether purportedly disparate treatment permits a reasonable inference of discrimination under either the pretext or mixed-motives alternative is the same. See id. at 366 n.6 ("the rationale for the 'nearly identical standard' is equally applicable in both contexts").

Plaintiff maintains that she, unlike Caucasian teachers, was asked about retiring and encouraged to do the same. Plaintiff further submits that similarly-situated Caucasian teachers were selected to attend an alternate assessment training, yet neither Plaintiff nor any other African-American teacher was selected. After Defendant's investigation into the incident concerning the alleged falsification of documents on the MAAECF, Janice McGregor, the teacher allegedly falsifying the documents, was given the option to resign. In McGregor's deposition testimony, she states:

> Q: Okay. Were you terminated or were you non-renewed?
>
> A: I resigned.
>
> Q: Was it a forced resignation?
>
> A: No. I was given an option.

Plaintiff was not provided such an option.[2] After reviewing the evidence and the record in its entirety, the Court concludes that Defendant's motion for summary judgment should be denied as to Plaintiff's claim that her race was a motivating factor in Defendant's employment decision.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion is granted in part and denied in part. The motion is granted as to Plaintiff's claim that Defendant's legitimate, nondiscriminatory reason is

---

[2] Oliva v. Pride Container Corp., 81 F. Supp. 2d 907, 910 (N.D. Ill. 2000) ("There is a clear difference in consequence and stigma between being fired and resigning from a position, and it is disingenuous for defense to suggest otherwise, particularly since [the plaintiff] was not given the option of resigning. . . .").

pretext for racial discrimination.  The motion is denied, however, as to whether Plaintiff's race was a motivating factor in Defendant's employment decision.

**So ORDERED on this, the   __11th_____ day of __June_____, 2012.**

**/s/   Sharion Aycock_____**
**UNITED STATES DISTRICT JUDGE**